IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 12 2003

**BOWE BELL + HOWELL COMPANY,**

    **Plaintiff,**

v.

**IMMCO EMPLOYEES' ASSOCIATION,**
**JAMES YUKNA and ALBERT SPINOZZI,**
**individually and as representatives of a**
**defendant class of other similarly situated**
**retirees, and**
**RONALD BUCKLAND, individually and as a**
**representative of a defendant class of**
**other similarly situated retirees,**

    **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. __03C 8010__

JUDGE JOHN W DARRAH

MAGISTRATE SIDNEY I. SCHENKIER

## CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT

Bowe Bell + Howell Company ("Bowe Bell + Howell" or the "Company"), for its

complaint for declaratory judgment against defendants IMMCO Employees' Association

("IMMCO"), and James Yukna, Albert Spinozzi and Ronald Buckland, individually and as

representatives of two defendant classes of other similarly situated retirees, states as follows:

### Jurisdiction and Subject Matter

1.    This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et*

*seq.* and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et*

*seq.*

2.    Bowe Bell + Howell seeks a declaration that the Company has the legal right to

modify, amend or terminate medical benefits provided to certain retired individuals.

3.    Because this is an action by a fiduciary to enforce the terms of an ERISA plan,

this Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C.

§ 2201 and Sections 502(a)(3)(B)(ii) and 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(e).

4.    Venue is proper in the Northern District of Illinois under Section 502(e)(2) of ERISA because the benefit plan at issue is administered in Lincolnwood, Illinois, which is located within this District. Venue is also proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims raised herein occurred in Lincolnwood, Illinois, where the benefit plan at issue is administered.

### Parties

5.    Plaintiff Bowe Bell + Howell (formerly known as Bell + Howell Mail and Messaging Technologies ("MMT"), Bell + Howell Phillipsburg Company and Bell + Howell Mail Processing Systems) is a Delaware corporation that manufactures mail and messaging equipment and operates facilities throughout the United States. Bowe Bell + Howell is both "plan sponsor" and a "fiduciary" of the Bell + Howell Company Mail Processing Systems Division Blue Cross Health Insurance Plan (the "Plan"), formerly named the Bell + Howell Company Phillipsburg Division Blue Cross Health Insurance Plan, as those terms are defined under ERISA. 29 U.S.C. §§ 1002(16)(B)(i), 1002(21)(A) of ERISA. The Plan provides medical, dental and vision benefits to certain groups of hourly and salaried retirees who were formerly employed at Bowe Bell + Howell's Allentown, Pennsylvania facility (the "Allentown facility"). The Plan is an "employee welfare benefit plan" under Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

6.    Upon information and belief, defendant Inserting and Mailing Machine Company ("IMMCO") is an unincorporated association with its headquarters in Easton, Pennsylvania. The IMMCO purports to be a "labor organization" pursuant to Section 2(5) of the National Labor

Relations Act, 29 U.S.C. § 152(5). Until November 2001, IMMCO and duly authorized IMMCO officers and agents represented and acted for certain hourly employees at the Allentown facility who participated in the Plan while those employees were actively employed by Bowe Bell + Howell, as identified below. On November 26, 2001, IMMCO notified Bowe Bell + Howell that it disclaimed its interest in representing the bargaining unit at the Allentown facility.

7.      Defendant James Yukna ("Yukna") is a former hourly employee of Bowe Bell + Howell's Allentown facility who retired on June 1, 2001 and who participates in the Plan. Yukna is a resident of Phillipsburg, New Jersey. Yukna has received retiree medical benefits under the Plan since 2001. Defendant Yukna is an adequate representative of a defendant class of Bowe Bell + Howell retirees who were formerly hourly employees at Bowe Bell + Howell's Allentown facility and participate as retirees in the Plan, and their spouses and dependents (the "Hourly Retiree Class").

8.      Defendant Albert Spinozzi ("Spinozzi") is a former hourly employee of Bowe Bell + Howell's Allentown facility who retired on August 1, 2001 and who participates in the Plan. Spinozzi is a resident of Nazareth, Pennsylvania. Spinozzi has received retiree medical benefits under the Plan since 2001. Defendant Spinozzi is an adequate representative of the Hourly Retiree Class.

9.      Defendant Ronald Buckland ("Buckland") is a former salaried employee of Bowe Bell + Howell's Allentown facility who retired on July 1, 1993 and who participates in the Plan. O'Neal is a resident of Easton, Pennsylvania. Buckland has received retiree medical benefits under the Plan since 1993. Defendant Buckland is an adequate representative of a defendant class of Bowe Bell + Howell retirees who were formerly salaried employees at Bowe Bell +

Howell's Allentown facility and participate as retirees in the Plan, and their spouses and dependents (the "Salaried Retiree Class").

10.    This Court has personal jurisdiction over defendants pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e)(2).

## Class Allegations

11.    The Hourly Retiree Class and Salaried Retiree Class (collectively, the "Retiree Classes") consist of approximately 300 and 75 individuals, respectively, which include the retirees, spouses and dependents of those retirees currently participating in the Plan.

12.    The individual members of the Retiree Classes are so numerous as to make joinder impracticable.

13.    The question of law governing the claims by Bowe Bell + Howell against defendants Yukna, Spinozzi and Buckland, namely Bowe Bell + Howell's right to modify or terminate retiree medical benefits under the Plan, is the same question of law governing claims against members of the Retiree Classes.

14.    Bowe Bell + Howell's claim against defendants Yukna, Spinozzi and Buckland is typical of the claim against all other members of the respective Retiree Class they have been designated to represent, and the defenses of defendants Yukna, Spinozzi and Buckland to Bowe Bell + Howell's claim will be typical of the defenses of all other members of the respective Retiree Class they have been designated to represent.

15.    As retirees who will be affected by the modification or termination of existing Plan benefits for Hourly Retirees, defendants Yukna and Spinozzi have an interest in defending against the claim and will represent the interests of the other Hourly Retiree Class members adequately.

16.    As a retiree who will be affected by the modification or termination of existing

Plan benefits for Salaried Retirees, defendant Buckland has an interest in defending against the

claim and will represent the interests of the other Salaried Retiree Class members adequately.

17.    Members of the Retiree Classes reside in different areas of the United States. As

a result, Bowe Bell + Howell could be exposed to a multiplicity of lawsuits in different states

concerning the common question of law at issue in this lawsuit, namely whether Bowe Bell +

Howell has the legal right to modify, amend or terminate medical benefits provided to certain

retired individuals, which question is better decided in a single court proceeding.

18.    Seeking declaratory relief through separate actions against individual members of

the Retiree Classes would create the risk of (i) inconsistent or varying adjudications with respect

to individual members of the Retiree Classes that could establish incompatible standards of

conduct for Bowe Bell + Howell as the party opposing the Retiree Classes; or (ii) adjudications

with respect to individual members of the Retiree Classes that, as a practical matter, would be

dispositive of the interests of the other members of the Retiree Classes who are not parties to the

adjudication or substantially impair or impede their ability to protect their interests.

19.    This action may properly be maintained as a class action pursuant to Fed. R. Civ.

Pro. 23(b)(1)(A) or (B), 23(b)(2), and should be certified as a defendant class action.

### Salaried Retiree Benefits

20.    The retiree medical benefits for former salaried employees in the Salaried Retiree

Class are governed by the Blue Cross/Blue Shield contract covering employees and retirees of

Bowe Bell + Howell, which describes the benefits available under the Plan, as well as a summary

plan description issued by Blue Cross/Blue Shield and a supplemental summary plan description

to the Plan, dated April 8, 1992 (the "Salaried Supplement SPD").

21.     Prior to 1994, salaried employees at the Allentown facility became eligible for retiree medical benefits upon retirement if they were at least age 65 with 5 years of service, or upon early retirement if they were age 60 with 10 years of service or age 55 with 15 years of service.  Also, salaried employees must have been on active duty immediately before retirement to be eligible for retiree medical coverage.

22.     The Salaried Supplement SPD specifically provides: "Bell & Howell Company reserves the right in its sole discretion to determine the nature and amount of medical benefits, if any, that will be provided to those individuals who retire from employment with Bell & Howell Phillipsburg Company and their dependents.  Bell & Howell Company also reserves the right in its sole discretion to reduce, modify or terminate medical benefits provided to retired employees and their dependents at any time."  The Salaried Supplement SPD also provides that "Bell & Howell Company reserves the right to change or modify the contribution level at any time."

23.     Effective January 1, 1994, Bell & Howell Company amended the Plan with respect to salaried retirees at the Allentown facility.  For eligible salaried employees retiring on or after January 1, 1994, the Plan was amended as follows:

- Coverage under the Plan terminated for all retirees at age 65;

- Dental benefit coverage ceased for dependents of early retirees;

- To be eligible for retiree coverage upon early retirement, salaried employees must be age 60 with at least 15 years of service or age 55 with at least 25 years of service;

- Those eligible for benefits upon early retirement at age 60 were required to pay 50% of the total cost of their coverage under the Plan up to age 65; age 55 early retirees must pay 100% of the total cost of their coverage under the Plan up to age 65; and

• Early retirees must pay 100% of the total cost of coverage for their eligible spouses and dependents.

24. No member of the Salaried Retiree Class formally challenged or contested Bell & Howell's decision to change the terms and administration of the Plan as it applies to salaried retirees related to the Plan amendments effective January 1, 1994.

### Union Retiree Benefits

25. Prior to November 26, 2001, active hourly employees at the facility were represented for purposes of collective bargaining by IMMCO.

26. Through its representation, IMMCO and Bowe Bell + Howell's predecessors first agreed to a Supplemental Pension Plan Agreement ("Supplemental Agreement") in 1966, which agreement provided that hourly employees would receive hospitalization insurance benefits upon their retirement. The Supplemental Agreement was restated three times after 1966, most recently in 1983.

27. The Supplemental Agreement in 1983 contained the following provisions for amendment or termination of the Agreement: "Unless such notice is given this agreement shall be automatically renewed on June 1, 1985, and each June 1 thereafter for successive one-year periods, subject to the right on the part of either party to give similar notice of its desire to modify, amend or terminate this agreement and to negotiate with respect to matters covered by this agreement before the end of any such extension period. No negotiations with respect to any matters covered by this agreement shall begin before 60 days prior to the expiration of any period during which this agreement is effective, and during any such negotiations this agreement shall remain in full force and effect. If no agreement has been reached within such 60-day

7

period, either the Company or the Union may terminate this agreement by giving notice to the other."

28.     On March 28, 2001, in conjunction with its efforts to renegotiate the collective bargaining agreement with IMMCO, Bowe Bell + Howell provided written notice to IMMCO of its intent to modify, amend or terminate the Supplemental Agreement.

29.     On May 31, 2001, Bowe Bell + Howell provided IMMCO with a Notice of Termination of Agreement effective May 31, 2001.  Through this notice, Bowe Bell + Howell terminated the Supplemental Agreement but notified IMMCO that the terms of the terminated Agreement for then current-retirees and for then active employees would remain during negotiations for a new collective bargaining agreement, as required by the National Labor Relations Act ("NLRA").

30.     On October 26, 2001, the parties having been unsuccessful in reaching a new collective bargaining agreement, Bowe Bell + Howell gave IMMCO notice that, effective October 29, 2001,  it would implement certain portions of its final offer to IMMCO with respect to the collective bargaining agreement and retiree medical benefits for hourly employees.

31.     On November 26, 2001, IMMCO notified Bowe Bell + Howell that it disclaimed its interest in representing hourly employees at the Allentown facility.  As a result of IMMCO having withdrawn its representation of hourly employees at the Allentown facility, the terms and conditions of the hourly employees' employment were no longer subject to a collective bargaining agreement or the Supplemental Agreement, which had been terminated as of May 31, 2001.

32.     Effective November 26, 2001, the retiree medical benefits for former hourly employees in the Hourly Retiree Class under the Plan became governed solely by the Blue

8

Cross/Blue Shield contract entered into by Bowe Bell + Howell, which describes the benefits available under the Plan, and the summary plan description for the Plan issued by Blue Cross/Blue Shield.

33.     The Blue Cross/Blue Shield contract and summary plan description do not contain any language that would vest medical benefits for the former hourly retirees in any way or for any duration or that would prohibit Bowe Bell + Howell from amending or terminating the Plan for these retirees at any time and for any reason.

## 2004 Announced Amendments to the Plan

34.     On or about October 29, 2003, Bowe Bell + Howell announced its intention to amend the benefits provided to hourly and salaried retirees under age 65 ("Pre-65 Retirees") and to terminate the benefits provided to hourly and salaried retirees age 65 and over ("Post-65 Retirees") under the Plan effective as of January 1, 2004.

35.     The announced Plan amendments modify the Plan for the Pre-65 Retirees by *inter alia*: (i) increasing the retirees' contributions for coverage under the Plan; (ii) capping the amount that Bowe Bell + Howell will contribute for retirees' medical benefit coverage for future years; (iii) requiring retirees to pay 100% of the total cost of coverage for their eligible spouses and dependents; and (iv) terminating eligibility for coverage for retirees and their eligible dependents and spouses upon reaching age 65. The announced Plan amendments terminate coverage effective January 1, 2004, for Post-65 Retirees and their spouses upon the spouse reaching age 65 (collectively the "2004 Amendments").

36.     The 2004 Amendments are designed to consolidate all active employee and retiree health care plans sponsored and administered by Bowe Bell + Howell into a single, equitable, nationwide health care benefit program.

37.     The new Plan is designed with cost-sharing features that will provide quality health care benefits and services in a manner that is comparable and fair to employees and retirees across all of Bowe Bell + Howell's facilities nationwide.

38.     The 2004 Amendments will make the Retiree Classes' benefits identical to the benefits currently provided to all other retirees from facilities other than Allentown, Pennsylvania through plans sponsored and administered by Bowe Bell + Howell.

39.     By letter dated October 29, 2003, Bowe Bell + Howell notified the Retiree Classes that the 2004 Amendments would become effective as of January 1, 2004, and provided them with a summary explaining the changes (the "2004 Announcement"). (A copy of the 2004 Announcement letters to Yukna, Spinozzi and Buckland are attached hereto and incorporated herein as Exhibit A).

### Count One

### Request for Declaratory Judgment that
### Bowe Bell + Howell Is Legally Entitled to Amend or Terminate the Plan

40.     An actual controversy exists between the parties concerning Bowe Bell + Howell's right to modify, amend or terminate the medical benefits of the Retiree Classes under the Plan. After the 2004 Amendments were announced, several members of the Retiree Classes contacted Bowe Bell + Howell and announced their intent to challenge the legality of the amendments in court. Specifically, members of the Retiree Classes stated that they had contacted an attorney regarding the announced changes and that they intended to pursue all legal remedies available to challenge the 2004 Amendments. A declaration by this Court of the parties' rights and obligations with respect to retiree health benefits available and Bowe Bell + Howell's right to amend, modify or terminate benefits under the Plan is necessary to resolve this controversy.

41.     Section 404(a)(1)(d) of ERISA requires that Bowe Bell + Howell, as a fiduciary of the Plan, comply with the terms of the Plan under which Bowe Bell + Howell provides medical benefits to the Retiree Classes to the extent those terms comply with ERISA.

42.     Bowe Bell + Howell, as the Plan's sponsor, fully complied with ERISA and when it adopted the amendments to the Plan addressed herein.

43.     A judicial declaration is necessary and appropriate at this time under all the circumstances so that Bowe Bell + Howell may determine the Company's right to modify, amend or terminate the medical benefits of the Retiree Classes under the Plan.

        **WHEREFORE**, Bowe Bell + Howell prays:

        (1)     For a declaration that Bowe Bell + Howell, its designates, officers, directors and agents may modify or terminate the health benefits for the members of the Retiree Classes;

        (2)     For a declaration that Bowe Bell + Howell, its designates, officers, directors and agents did not violate ERISA or the terms of the Plan in adopting the amendments addressed herein; or, alternatively,

        (3)     For an order preliminarily and permanently enjoining the IMMCO and all members of the Retiree Classes from instituting any action in any other jurisdiction or venue against Bowe Bell + Howell, its designates, officers, directors or agents with respect to the subject matter of this action, except by way of counterclaim herein; and

        (4)     For such further relief as may be appropriate.

BOWE BELL + HOWELL COMPANY

By: _____
One of Its Attorneys

Nancy G. Ross
Michael T. Graham
McDermott, Will + Emery
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000

A

**BELL✛HOWELL**

October 29, 2003

Albert Spinozzi
6022 Sullivan Trl
Nazareth, PA 18064

Dear Albert,

As a result of the rising cost of health care and the challenges the Company continues to face in response to organizational changes and the weak economy, **your retiree health care plans will change and monthly premium contributions will be required beginning Jan. 1, 2004.**

For many years, retiree health care benefits available to your retiree group have remained consistent with no adjustment to the cost sharing features of the plans or the retiree premium contribution. The 2004 benefit plan year will mark the fifth straight year of double-digit health care cost increases to employers and the trend is likely to continue through much of the decade. This letter will explain the changes to your retiree health care program and the enclosed enrollment materials will provide you with 2004 benefit plan information and monthly premium contributions.

**Changes to Your Health Care Plan**
Like many companies today, in addition to asking participants to contribute more toward the cost of their health care plans, we have been forced to re-examine the features of our benefit plans in order to better manage our Company's rising health care costs. **Beginning Jan. 1, 2004, we will consolidate all active employee and retiree health care plans into a single, equitable, nationwide health care benefit program.** The new plans are designed with cost-sharing features that will provide quality health care benefits and services in a manner that is fair to employees and retirees across the company. Details about your health care choices are included in this packet.

**Changes to the Retiree Health Care Premium Contributions**
Currently, eligible employees aged 55 to 60 who separate from the Company with 25 or more years of service may purchase retiree health care benefits *until age 65* by paying the total premium. Employees aged 60 to 64 who separate from the Company with 15 or more years of service may purchase retiree health care benefits *until age 65* by paying a monthly retiree premium contribution that is partially subsidized by the Company. **Beginning Jan. 1, 2004:**

- **You will be eligible to purchase retiree health care coverage by paying a monthly retiree premium that is partially subsidized by the Company.**

■ **The Company will contribute approximately 50 percent of the total single retiree premium when an eligible *retiree* is participating in the plan.**

> ➤ As a retiree under age 65, you are eligible for the company premium contribution until the first of the month in which you reach age 65 and become eligible for Medicare.

> ➤ As a retiree under age 65, you are eligible to purchase coverage for your currently enrolled eligible spouse under age 65 and currently enrolled eligible dependent children. *Please refer to the description of eligible dependents enclosed in this packet.*

> ➤ When you, the retiree, reach age 65 and are no longer eligible for Company health care coverage, your enrolled eligible spouse under age 65 and enrolled eligible dependent children will have the opportunity to purchase coverage by paying the total monthly retiree premiums.

> ➤ If you, the retiree, and/or your spouse are no longer eligible for Company health care coverage, your enrolled dependent children will be notified of their rights to continue coverage under COBRA.

■ **The Company premium contribution will be capped at the 2004 amount.** Any future increases in the cost of the total retiree premiums will result in an increase in the retiree premium contributions; not the company premium contribution.

*The following chart illustrates that the Company premium contribution for retirees who are under 65 is approximately 50 percent of the total single retiree premium.*

| Coverage | 2004 Monthly Retiree Premium Contribution | | 2004 Monthly Company Premium Contribution |
|---|---|---|---|
| | *CARE 25 PPO Medical* | *CARE 15 PPO Medical* | |
| Single | $394.97 | $420.20 | **50% of the 2004 Monthly Retiree Premium for Single Coverage *if the retiree is participating in the plan*** |
| 2 Party | $789.93 | $840.39 | |
| Family | $1,204.65 | $1,281.62 | |

*Please refer to the enclosed Retiree Coverage Enrollment Form for your 2004 monthly retiree premium contribution should you elect to purchase coverage.*

**Toll-free Retiree Help Line**

The enclosed information contains many details about your 2004 health care plan choices, retiree premium contributions and the enrollment process. Please review this information carefully. A *toll-free Retiree Help Line* will be available to assist you with the changes and enrollment process. If you have questions or concerns, please *call the number* below and let us know how we can help you.

## Retiree Help Line 1-877-480-1200

*A Company Retiree Benefits Specialist will support the toll-free Retiree Help Line from 8:30 am – 4:30 pm Eastern Standard time.*

*If you need to leave a voice mail message on the Retiree Help Line, we will make every effort to return your call promptly.*

**Looking Ahead**

We realize that these are significant changes; however, they are necessary to manage the continued rise in health care costs and preserve the Company's ability to offer retiree health care coverage. Although the Company maintains the right to make further changes at any time, we hope that by offering quality health care benefits in a manner that is fair to all retirees across the company, we can continue to offer a comprehensive health care program to active employees and retirees in the years to come.

# 2004 Bell + Howell Retiree Enrollment

**Your enrollment period is Nov. 1, 2003 – Dec. 1, 2003**
*(for health care benefits effective Jan. 1, 2004)*

You and your currently enrolled eligible dependents may purchase health care benefits for 2004 if you complete the enclosed enrollment forms and agree to pay the monthly retiree premium contributions outlined in your enrollment package. ***Please read the following important enrollment information:***

- Call the ***toll-free Retiree Help Line*** for help understanding your 2004 health care choices and the enrollment process.

**Retiree Help Line 1-877-480-1200**

- Return enrollment forms ***on or before December 1, 2003\**** to the following address:

    **Bell + Howell**
    **Attn: Benefits Department**
    **P.O. Box 14986**
    **Durham, NC 27709**

    ***\*Returning your enrollment forms by this deadline will ensure timely receipt of your health care ID cards and your first monthly billing for January 2004.***

- If you elect to purchase health care coverage through the Company, you will receive further benefit policy information in early 2004 that describe the terms and conditions of your benefit plans.

- Do ***NOT*** remit your premium payment along with your enrollment forms. You will receive monthly invoices from ADP Benefit Services due the first of every month to ADP beginning with the January 2004 premium.

- If you are eligible to purchase more than one ***type*** of coverage through the Company, you are not required to purchase multiple coverages. Medical, dental and vision are separate health care plans so you can purchase the coverage that meets your health care needs. However, ***it is very important to understand the following enrollment rules:***

    ✓ Only those dependents who were enrolled in your health care plans at the time of your separation from the Company can be enrolled in the 2004 health care plans providing they are currently enrolled in your health care plans and will continue to be eligible on Jan. 1, 2004. *Please refer to the description of eligible dependents enclosed in this packet.*

    ✓ You and your enrolled eligible dependents may purchase only the benefit ***types*** in which you are currently enrolled and eligible for through the Company. *For example, if you*

*and your eligible dependents are not currently enrolled in a Company-sponsored retiree dental plan, you cannot elect dental coverage for 2004.*

✓ If you elect **NOT** to purchase the Company-sponsored plans at this time because you have the ability to purchase 2004 group health care benefits from your current employer or your spouse's employer, you will have a one time re-enrollment opportunity if you meet *all* of the following:

1.) You and your eligible spouse are under age 65 when re-enrollment is requested.
2.) You request re-enrollment and complete the necessary forms within 31 days of losing your other group health care coverage.
3.) You provide the Company with a Certificate of Creditable Coverage confirming your prior group coverage and coverage termination date.

- If you elect to purchase the Company-sponsored health care plans and continue to pay your monthly premiums, you will be notified annually (generally November) of your health care plan choices and the enrollment process for the following year.

- ***Enrollment forms for 2004 health care coverage(s) will NOT be accepted for any reason after Dec. 31, 2003 so please, do not delay!***

- If for any reason you should not remit your monthly premium to ADP by the first of every month (or within the 30 day grace period), your health care coverages will cancel and re-enrollment will not be permitted.

- You can request cancellation of your health care coverage(s) at any time by notifying the Company in writing of your request to cancel. ***Requests to cancel coverage are effective the first of the month following receipt of your request.***

---

**Remember, your 2004 Retiree Enrollment period is Nov. 1, 2003 – Dec. 1, 2003**
*(for health care coverage effective Jan. 1, 2004).*

# DEPENDENT ELIGIBILITY

## For Benefit Eligible Bell + Howell Retirees and their Currently Enrolled Dependents

The following are eligible dependents under the Bell + Howell benefit plans:

- Your spouse under age 65 who was enrolled at the time you separated from the Company, unless you are legally separated or divorced.

- Your unmarried children under age 19 (or under age 25 if they are full-time students at an accredited school and dependent solely on you for financial support). Eligible children include your unmarried:

  - natural children;

  - stepchildren, foster children, legally adopted children or children placed for adoption, or children placed under full legal guardianship of you or your spouse - provided they live with you and are dependent primarily on you for financial support.

- A child subject to a Qualified Medical Child Support Order (QMCSO) issued under ERISA Section 609, as determined by the Plan Administrator.

- Your eligible children who are mentally or physically handicapped are eligible for coverage beyond age 19 (or age 25 if they are full-time students) if their handicap occurred before reaching this maximum coverage age. To be eligible for continued coverage, these children must legally reside with you, must be incapable of self-sustaining employment, and must be primarily dependent on you for financial support. To continue their coverage beyond the age limit, you must provide the Claims Administrator with proof of their handicap within 31 days of the date they turn age 19 (or age 25 if they are full-time students) and as requested from time to time thereafter.

## BELL + HOWELL MEDICAL PLAN SUPPLEMENT

*EXTENDED COVERAGE FOR CERTAIN TERMINATED EMPLOYEES AND RETIREES*

### Retiree Coverage Enrollment Form
### Retiree Name: Albert Spinozzi

You are eligible to purchase retiree health care coverage. Please review the enclosed documentation regarding your 2004 health care choices.

**Your current health care coverage will end December 31, 2003.** Retiree health care coverage will continue if you elect to purchase coverage and pay the monthly retiree premium contributions.

Listed below are your 2004 health care choices and your monthly retiree premium contributions. Please note that the monthly retiree premium contributions listed below will stay in effect through the end of the 2004 calendar year. You will be notified in late 2004 of the following year's annual enrollment coverage options and retiree premium contributions if you remain eligible under the Plan.

|         | Plan        | Coverage Level | Monthly Retiree Premium Contribution |
|---------|-------------|----------------|--------------------------------------|
| Medical | UHC CARE-25 | Single         | $197.48                              |
|         | UHC CARE-15 | Single         | $210.10                              |
| Dental  | MetLife     | Single         | $19.16                               |
| Vision  | Spectera    | Single         | $5.40                                |

*If you elect* to purchase coverage and return the required enrollment forms, you will receive a monthly billing from ADP Benefit Services within 2-3 weeks following your enrollment. You should contact ADP directly at 1-800-526-2720 for any assistance with billing or payment inquiries following receipt of your initial billing.

*If you decline* to purchase the Company-sponsored plans, please sign and return this form.

**Retiree Coverage Enrollment Form (page 2)**
**Retiree Name: Albert Spinozzi**

........................................................................................................................................................

**Please indicate whether you will elect or decline 2004 retiree coverage and return this form along with the plan specific enrollment forms included in your enrollment packet to Bell + Howell during the Retiree Enrollment Period, Nov. 1 – Dec. 1, 2003.**

## ELECT RETIREE COVERAGE

| | | |
|---|---|---|
| **Medical** | UHC CARE-25 | ☐ Single |
| | UHC CARE-15 | ☐ Single |
| **Dental** | MetLife | ☐ Single |
| **Vision** | Spectera | ☐ Single |

## DECLINE RETIREE COVERAGE

| | | |
|---|---|---|
| **Medical** | UHC CARE-25 | ☐ Single |
| | UHC CARE-15 | ☐ Single |
| **Dental** | MetLife | ☐ Single |
| **Vision** | Spectera | ☐ Single |

**Signature:**_____

**Date:**_____

**BELL✛HOWELL**

October 29, 2003

James Yukna
95 Cemetery Road
Phillipsburg, NJ 08865

Dear James,

As a result of the rising cost of health care and the challenges the Company continues to face in response to organizational changes and the weak economy, **your retiree health care plans will change and monthly premium contributions will be required beginning Jan. 1, 2004**.

For many years, retiree health care benefits available to your retiree group have remained consistent with no adjustment to the cost sharing features of the plans or the retiree premium contribution. The 2004 benefit plan year will mark the fifth straight year of double-digit health care cost increases to employers and the trend is likely to continue through much of the decade. This letter will explain the changes to your retiree health care program and the enclosed enrollment materials will provide you with 2004 benefit plan information and monthly premium contributions.

**Changes to Your Health Care Plan**
Like many companies today, in addition to asking participants to contribute more toward the cost of their health care plans, we have been forced to re-examine the features of our benefit plans in order to better manage our Company's rising health care costs. **Beginning Jan. 1, 2004, we will consolidate all active employee and retiree health care plans into a single, equitable, nationwide health care benefit program.** The new plans are designed with cost-sharing features that will provide quality health care benefits and services in a manner that is fair to employees and retirees across the company. Details about your health care choices are included in this packet.

**Changes to the Retiree Health Care Premium Contributions**
Currently, eligible employees aged 55 to 60 who separate from the Company with 25 or more years of service may purchase retiree health care benefits *until age 65* by paying the total premium. Employees aged 60 to 64 who separate from the Company with 15 or more years of service may purchase retiree health care benefits *until age 65* by paying a monthly retiree premium contribution that is partially subsidized by the Company. **Beginning Jan. 1, 2004:**

- **You will be eligible to purchase retiree health care coverage by paying a monthly retiree premium that is partially subsidized by the Company.**

- **The Company will contribute approximately 50 percent of the total single retiree premium when an eligible *retiree* is participating in the plan.**

  ➢ As a retiree under age 65, you are eligible for the company premium contribution until the first of the month in which you reach age 65 and become eligible for Medicare.

  ➢ As a retiree under age 65, you are eligible to purchase coverage for your currently enrolled eligible spouse under age 65 and currently enrolled eligible dependent children. *Please refer to the description of eligible dependents enclosed in this packet.*

  ➢ When you, the retiree, reach age 65 and are no longer eligible for Company health care coverage, your enrolled eligible spouse under age 65 and enrolled eligible dependent children will have the opportunity to purchase coverage by paying the total monthly retiree premiums.

  ➢ If you, the retiree, and/or your spouse are no longer eligible for Company health care coverage, your enrolled dependent children will be notified of their rights to continue coverage under COBRA.

- **The Company premium contribution will be capped at the 2004 amount.** Any future increases in the cost of the total retiree premiums will result in an increase in the retiree premium contributions; not the company premium contribution.

*The following chart illustrates that the Company premium contribution for retirees who are under 65 is approximately 50 percent of the total single retiree premium.*

| Coverage | 2004 Monthly Retiree Premium Contribution | | 2004 Monthly Company Premium Contribution |
|---|---|---|---|
| | *CARE 25 PPO Medical* | *CARE 15 PPO Medical* | |
| Single | $394.97 | $420.20 | **50% of the 2004 Monthly Retiree Premium for Single Coverage *if the retiree is participating in the plan*** |
| 2 Party | $789.93 | $840.39 | |
| Family | $1,204.65 | $1,281.62 | |

*Please refer to the enclosed Retiree Coverage Enrollment Form for your 2004 monthly retiree premium contribution should you elect to purchase coverage.*

**Toll-free Retiree Help Line**
The enclosed information contains many details about your 2004 health care plan choices, retiree premium contributions and the enrollment process. Please review this information carefully. A *toll-free Retiree Help Line* will be available to assist you with the changes and enrollment process. If you have questions or concerns, please *call the number* below and let us know how we can help you.

**Retiree Help Line 1-877-480-1200**

*A Company Retiree Benefits Specialist will support the toll-free Retiree Help Line from 8:30 am – 4:30 pm Eastern Standard time.*

*If you need to leave a voice mail message on the Retiree Help Line, we will make every effort to return your call promptly.*

**Looking Ahead**
We realize that these are significant changes; however, they are necessary to manage the continued rise in health care costs and preserve the Company's ability to offer retiree health care coverage. Although the Company maintains the right to make further changes at any time, we hope that by offering quality health care benefits in a manner that is fair to all retirees across the company, we can continue to offer a comprehensive health care program to active employees and retirees in the years to come.

# 2004 Bell + Howell Retiree Enrollment

**Your enrollment period is Nov. 1, 2003 – Dec. 1, 2003**
*(for health care benefits effective Jan. 1, 2004)*

You and your currently enrolled eligible dependents may purchase health care benefits for 2004 if you complete the enclosed enrollment forms and agree to pay the monthly retiree premium contributions outlined in your enrollment package. *Please read the following important enrollment information:*

- Call the ***toll-free Retiree Help Line*** for help understanding your 2004 health care choices and the enrollment process.

**Retiree Help Line 1-877-480-1200**

- Return enrollment forms ***on or before December 1, 2003\**** to the following address:

  **Bell + Howell**
  **Attn: Benefits Department**
  **P.O. Box 14986**
  **Durham, NC 27709**

  ***\*Returning your enrollment forms by this deadline will ensure timely receipt of your health care ID cards and your first monthly billing for January 2004.***

- If you elect to purchase health care coverage through the Company, you will receive further benefit policy information in early 2004 that describe the terms and conditions of your benefit plans.

- Do ***NOT*** remit your premium payment along with your enrollment forms. You will receive monthly invoices from ADP Benefit Services due the first of every month to ADP beginning with the January 2004 premium.

- If you are eligible to purchase more than one *type* of coverage through the Company, you are not required to purchase multiple coverages. Medical, dental and vision are separate health care plans so you can purchase the coverage that meets your health care needs. However, *it is very important to understand the following enrollment rules:*

  ✓ Only those dependents who were enrolled in your health care plans at the time of your separation from the Company can be enrolled in the 2004 health care plans providing they are currently enrolled in your health care plans and will continue to be eligible on Jan. 1, 2004. *Please refer to the description of eligible dependents enclosed in this packet.*

  ✓ You and your enrolled eligible dependents may purchase only the benefit *types* in which you are currently enrolled and eligible for through the Company. *For example, if you*

*and your eligible dependents are not currently enrolled in a Company-sponsored retiree dental plan, you cannot elect dental coverage for 2004.*

✓ If you elect **NOT** to purchase the Company-sponsored plans at this time because you have the ability to purchase 2004 group health care benefits from your current employer or your spouse's employer, you will have a one time re-enrollment opportunity if you meet *all* of the following:

1.) You and your eligible spouse are under age 65 when re-enrollment is requested.
2.) You request re-enrollment and complete the necessary forms within 31 days of losing your other group health care coverage.
3.) You provide the Company with a Certificate of Creditable Coverage confirming your prior group coverage and coverage termination date.

- If you elect to purchase the Company-sponsored health care plans and continue to pay your monthly premiums, you will be notified annually (generally November) of your health care plan choices and the enrollment process for the following year.

- ***Enrollment forms for 2004 health care coverage(s) will NOT be accepted for any reason after Dec. 31, 2003 so please, do not delay!***

- If for any reason you should not remit your monthly premium to ADP by the first of every month (or within the 30 day grace period), your health care coverages will cancel and re-enrollment will not be permitted.

- You can request cancellation of your health care coverage(s) at any time by notifying the Company in writing of your request to cancel. ***Requests to cancel coverage are effective the first of the month following receipt of your request.***

Remember, your 2004 Retiree Enrollment period is Nov. 1, 2003 – Dec. 1, 2003 *(for health care coverage effective Jan. 1, 2004).*

## DEPENDENT ELIGIBILITY

### For Benefit Eligible Bell + Howell Retirees and their Currently Enrolled Dependents

The following are eligible dependents under the Bell + Howell benefit plans:

- Your spouse under age 65 who was enrolled at the time you separated from the Company, unless you are legally separated or divorced.

- Your unmarried children under age 19 (or under age 25 if they are full-time students at an accredited school and dependent solely on you for financial support). Eligible children include your unmarried:

  - natural children;

  - stepchildren, foster children, legally adopted children or children placed for adoption, or children placed under full legal guardianship of you or your spouse - provided they live with you and are dependent primarily on you for financial support.

- A child subject to a Qualified Medical Child Support Order (QMCSO) issued under ERISA Section 609, as determined by the Plan Administrator.

- Your eligible children who are mentally or physically handicapped are eligible for coverage beyond age 19 (or age 25 if they are full-time students) if their handicap occurred before reaching this maximum coverage age. To be eligible for continued coverage, these children must legally reside with you, must be incapable of self-sustaining employment, and must be primarily dependent on you for financial support. To continue their coverage beyond the age limit, you must provide the Claims Administrator with proof of their handicap within 31 days of the date they turn age 19 (or age 25 if they are full-time students) and as requested from time to time thereafter.

**BELL + HOWELL MEDICAL PLAN SUPPLEMENT**

*EXTENDED COVERAGE FOR CERTAIN TERMINATED EMPLOYEES AND RETIREES*

## Retiree Coverage Enrollment Form
## Retiree Name: James Yukna

You are eligible to purchase retiree health care coverage. Please review the enclosed documentation regarding your 2004 health care choices.

**Your current health care coverage will end December 31, 2003**. Retiree health care coverage will continue if you elect to purchase coverage and pay the monthly retiree premium contributions.

Listed below are your 2004 health care choices and your monthly retiree premium contributions. Please note that the monthly retiree premium contributions listed below will stay in effect through the end of the 2004 calendar year. You will be notified in late 2004 of the following year's annual enrollment coverage options and retiree premium contributions if you remain eligible under the Plan.

|         | Plan        | Coverage Level     | Monthly Retiree Premium Contribution |
|---------|-------------|--------------------|--------------------------------------|
| Medical | UHC CARE-25 | Two Party<br>Single | $592.45<br>$197.48 |
|         | UHC CARE-15 | Two Party<br>Single | $630.29<br>$210.10 |
| Dental  | MetLife     | Single             | $19.16 |
| Vision  | Spectera    | Two Party<br>Single | $16.20<br>$5.40 |

*If you elect* to purchase coverage and return the required enrollment forms, you will receive a monthly billing from ADP Benefit Services within 2-3 weeks following your enrollment. You should contact ADP directly at 1-800-526-2720 for any assistance with billing or payment inquiries following receipt of your initial billing.

*If you decline* to purchase the Company-sponsored plans, please sign and return this form.

**Retiree Coverage Enrollment Form (page 2)**
**Retiree Name: James Yukna**

..................................................................................................................

**Please indicate whether you will elect or decline 2004 retiree coverage and return this form along with the plan specific enrollment forms included in your enrollment packet to Bell + Howell during the Retiree Enrollment Period, Nov. 1 – Dec. 1, 2003.**

## ELECT RETIREE COVERAGE

| Medical | UHC CARE-25 | ☐ Two Party |
| | | ☐ Single |
| | UHC CARE-15 | ☐ Two Party |
| | | ☐ Single |
| Dental | MetLife | ☐ Single |
| Vision | Spectera | ☐ Two Party |
| | | ☐ Single |

## DECLINE RETIREE COVERAGE

| Medical | UHC CARE-25 | ☐ Two Party |
| | | ☐ Single |
| | UHC CARE-15 | ☐ Two Party |
| | | ☐ Single |
| Dental | MetLife | ☐ Single |
| Vision | Spectera | ☐ Two Party |
| | | ☐ Single |

**Signature:**_____

**Date:**_____

# BELL✛HOWELL

October 31, 2003

Ronald Buckland
4074 Nicole Place
Easton, PA 18045

Dear Ronald,

As a result of the rising cost of health care and the challenges the Company continues to face in response to organizational changes and the weak economy, **retiree health care plans for those participants age 65 or older will no longer be offered after Dec. 31, 2003.**

For many years, retiree health care benefits available to your retiree group have remained consistent with no adjustment to the cost sharing features of the plans or the retiree premium contribution. The 2004 benefit plan year will mark the fifth straight year of double-digit health care cost increases to employers and the trend is likely to continue through much of the decade.

Like many companies today, we have been forced to re-examine our benefit plans in order to better manage our Company's rising health care costs. Beginning Jan. 1, 2004, we will consolidate all active and retiree health care plans into a single, nationwide health care benefit program. Employees who now separate from the Company are not eligible to purchase retiree health care coverage after reaching age 65.

As a retiree who has reached age 65 and eligible for Medicare, your Bell + Howell retiree health care plans will end Dec. 31, 2003. If you have a currently enrolled spouse who is under age 65 and not eligible for other group health care coverage, your spouse may elect to purchase health care coverage from the Company. Eligible spouses of retirees may also elect to purchase coverage for eligible dependent children who are currently enrolled in the Company plan.

Currently enrolled retiree spouses under age 65 will receive a 2004 Annual Enrollment packet in a few days following this letter that provides details about 2004 health care choices, monthly premium contributions and the enrollment process.

If both the retiree and/or currently enrolled spouse will be age 65 or older on Jan. 1, 2004, any currently enrolled dependent children will be notified of their rights to continue coverage under COBRA when the retiree coverage ends on Dec. 31, 2003.

We realize that these are significant changes; however, they are necessary to manage the continued rise in health care costs. Please call our ***toll-free Retiree Help Line*** should you have questions regarding this communication.

## Retiree Help Line 1-877-480-1200

*A Company Retiree Benefits Specialist will support the toll-free Retiree Help Line from 8:30 am - 4:30 pm Eastern Standard time.*

*If you need to leave a voice mail message on the Retiree Help Line, we will make every effort to return your call promptly.*

If you would prefer to contact Bowe Bell + Howell in writing, please direct your inquiry to the following address:

**Bell + Howell**
**ATTN: BENEFITS COMMITTEE**
**P.O. Box 14986**
**Durham, NC  27709**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FILED
01 5:18 PM 10 NOV
U.S. DISTRICT



DOCKETED
NOV 1 2 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): Bowe Bell + Howell Company**

County of Residence: ~~Dupage~~ Cook County, IL

Plaintiff's Atty: Nancy G. Ross; Michael T. Graham
McDermott Will & Emery
227 West Monroe Street;
Chicago, IL 60606
312/372-2000

**Defendant(s):IMMCO Employees' Association James Yukna Albert Spinozzi and Ronald Buckland**

County of Residence:

Defendant's Atty:

# 03C 8010

---

II. Basis of Jurisdiction:     **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
        Plaintiff:- **N/A**
        Defendant:- **N/A**

*JUDGE JOHN W DARRAH*

MAGISTRATE SIDNEY I. SCHENKIER

IV. Origin :     **1. Original Proceeding**

V. Nature of Suit:     **791 E.R.I.S.A**

VI.Cause of Action:     **Complaint for Declaratory Judgment under 28 U.S.C. Section 2201 and 29 U.S.C. Section 1132(a)(3).**

VII. Requested in Complaint
        Class Action: **Yes**
        Dollar Demand:
        Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

Signature: *[signature]*

Date: 11/10/03

1.2

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



DOCKETED
NOV 1 2 2003

In the Matter of

Bowe Bell & Howell Company

v.

IMMCO Employees' Association et al.

Case Number **03C 8010**

FILED
01 AUG 10 PM 5: 18
CLERK
U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Bowe Bell & Howell Company

JUDGE JOHN W DARRAH

MAGISTRATE SIDNEY I. SCHENKIER

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Nancy G. Ross | NAME Michael T. Graham |
| FIRM McDermott Will & Emery | FIRM McDermott Will & Emery |
| STREET ADDRESS 227 West Monroe Street | STREET ADDRESS 227 West Monroe Street |
| CITY/STATE/ZIP Chicago, IL 60606 | CITY/STATE/ZIP Chicago, IL 60606 |
| TELEPHONE NUMBER 312/372-2000 / FAX NUMBER 312/984-7700 | TELEPHONE NUMBER 312/372-2000 / FAX NUMBER 312/984-7700 |
| E-MAIL ADDRESS nross@mwe.com | E-MAIL ADDRESS mgraham@mwe.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06190243 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06229345 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

Local Rule 53.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, e.g., plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, e.g., all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, e.g., states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the

agency, e.g., attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate more than one attorney as local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

8. Parties are Required to Consider Alternative Dispute Resolution

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

9. Local Rule 3.2 Requires Notification As To Affiliates

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.