UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOWE BELL + HOWELL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 8010 |
| ) | |
| IMMCO EMPLOYEES' ASSOCIATION; ) | Judge John W. Darrah |
| JAMES YUKNA and ALBERT SPINOZZI, ) | |
| individually and as representatives of a ) | |
| defendant class of other similarly situated ) | |
| retirees; and RONALD BUCKLAND, ) | |
| individually and as a representative of a ) | |
| defendant class of other similarly situated ) | |
| retirees, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bowe Bell + Howell Company, filed a declaratory action against Defendants, Inserting and Mailing Machine Company Employees' Association ("IMMCO"); James Yukna and Albert Spinozzi, individually and as representatives of the hourly retired employees; and Ronald Buckland, individually and as representative of the salaried retired employees. Plaintiff seeks a declaration that it was entitled to modify, amend, or terminate the medical benefits of the Retiree Classes in an Employee Retirement Security Act ("ERISA") Plan. Defendants Yukna and Spinozzi have filed counterclaims, seeking injunctive, declaratory, and compensatory relief, for: (1) pension benefits, pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty,

pursuant to 29 U.S.C. § 1132(a)(2); (3) an injunction to prohibit the modification, reduction, or termination of retiree medical benefits, pursuant to 29 U.S.C. § 1132(a)(3); (4) breach of contract; (5) intentional or negligent misrepresentation; and (6) promissory estoppel.

Presently before the Court is Plaintiff's Motion to Certify Retiree Classes. Plaintiff seeks mandatory certification of Defendant classes: (1) hourly employees of Plaintiff who participated in the relevant medical benefits plan as retirees as of December 31, 2003 (the "hourly retiree class"); and (2) salaried employees of Plaintiff who participated in the relevant medical benefits plan as retirees as of December 31, 2003 (the "salaried retiree class"). For the following reasons, that motion is denied.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure provide the federal district court with broad discretion to determine whether certification of a class action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) (quotation and citation omitted). In determining whether the class action requirements are met, "a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (*Szabo*). The party seeking class certification has the burden of demonstrating certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

To obtain class certification, Plaintiff must demonstrate that the proposed defense classes satisfy all four elements of Federal Rule of Civil Procedure 23(a), which include: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The defense classes must also satisfy at least one of the three provisions under Federal Rule of Civil Procedure 23(b);

Plaintiff claims to have met the requirements of Rule 23(b)(1). While class members must be provided with an opportunity to opt out of a class action certified under Rule 23(b)(3), "[f]or any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2). Under this rule, plaintiffs are not required to provide putative class members with notice or an opportunity to opt out of the class certified under Rule 23(b)(1). *See Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 580 (7th Cir. 2000).

Plaintiff seeks to enjoin any member of the certified class from instituting a separate law suit in any other court based on the subject matter of this suit – i.e., to preclude class members from opting out of the class.

## BACKGROUND

The facts, for the purposes of this motion, are as follows.[1] Plaintiff is a manufacturing corporation who is both the plan sponsor and fiduciary of a medical benefits plan, which provides benefits to certain groups of hourly and salaried retirees who were former employees of Plaintiff. Defendant IMMCO is a labor organization that formerly represented and acted for certain hourly employees who participated in the plan. Defendants Yukna and Spinozzi are former hourly employees, and Defendant Buckland is a former salaried employee.

Plaintiff provided salaried retirees with certain medical benefits who obtained a qualifying age and with a qualifying amount of service. A salaried retiree's contribution level was also determined based upon their age and amount of service at the time of retirement.

---

[1] For a more extensive discussion of the background, see *Bowe Bell + Howell Co. IMMCO Employees' Ass'n*, No. 03 C 8010, 2004 WL 1244143 (N.D. Ill. Jun. 2, 2004).

3

Active hourly employees were represented by IMMCO for collective bargaining purposes, and Plaintiff agreed with IMMCO to provide hourly employees with medical benefits upon retirement. After unsuccessful collective bargaining negotiations, IMMCO disclaimed its interest in representing the hourly employees; and Plaintiff imposed a new medical benefit scheme.

Plaintiff later announced its intention to amend the benefits provided to hourly and salaried retirees under age sixty-five and to terminate the benefits provided to hourly and salaried retirees age sixty-five and older. Plaintiff notified the retiree classes that the new amendments would become effective and provided an explanation of the changes. Thereafter, several members of the retiree classes contacted Plaintiff and announced their intent to challenge the legality of the amendments in court. Plaintiff then filed this action, and Defendants Yukna and Spinozzi filed counterclaims alleging, *inter alia*, that Plaintiff made certain representations concerning the retiree medical benefits.

The members of the classes were hired between 1943 and 1987 and retired between 1976 and 2001. The material distributed by Plaintiff and the representations made to the putative class members varied. For example, different summary plan descriptions were issued to retirees in 1979, 1981, and 1983, as mandated by ERISA. *See* 29 U.S.C. § 1024(b). These summaries indicate that pension plan benefits vested after five years of employment and identified the medical benefits retirees could obtain under the plan. However, another summary plan description in 1988 does not discuss the availability of medical benefits after retirement.

Plaintiff also conducted individual retirement meetings with its employees prior to retirement where the employees were provided with retirement information and could ask questions regarding retiree benefits.

This action was filed on November 10, 2003. Defendants moved to dismiss based on lack of jurisdiction and the failure to state a claim upon which relief could be granted; this motion was denied on June 1, 2004. Thereafter, on November 12, 2004, one-hundred and thirty-five members of the putative hourly retiree class then filed suit against Plaintiff in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania Action"). The claims filed in that action are legally similar to the counterclaims filed by Yukna and Spinozzi. Plaintiff filed this motion for class certification six days later.

## ANALYSIS

### *The Requirements of Rule 23(a)*

Federal Rule of Civil Procedure 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. A plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates. *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). "Common sense assumptions" can be made in order to support a finding of numerosity. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984). However, conclusory allegations that joinder is impracticable or speculation about the size of the class may not be relied upon to prove numerosity. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

The hourly retiree class consists of approximately three-hundred individuals, while the salaried retiree class consists of approximately seventy-five individuals. Therefore, the numerosity requirement has been met.

Commonality exists under Rule 23(a)(2) if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (*Rosario*).

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). Even if some factual variations exist between class members, a claim is considered typical if: (1) it arises from the same event, practice, or course of action that gives rise to the claims of other class members; and (2) the claims or defenses of the named class members are based on the same legal theory of the putative class members. *See Rosario*, 963 F.2d at 1018.

However, Yukna and Spinozzi contend in affidavits that they are not typical of the hourly retiree class, as each hourly retiree received information individually from Plaintiff which induced their retirement. Yukna and Spinozzi assert different factual bases as defenses and in their counterclaims based on Plaintiff's representations. Plaintiff has not shown Yukna and Spinozzi are typical of the members of the hourly retiree class, who each met with Plaintiff's representative before retirement.

Buckland argues that he is not typical of the salaried retiree class because the great majority of approximately seventy-five salaried employees were office workers while he was one of only two salaried shop workers.

6

The class representatives must also "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a)(4). Two factors are used to determine whether the class is adequately represented. First, there must be no conflict of interest between the named defendants and the class members. *Rosario*, 963 F.2d at 1018. Second, the named representatives' counsel must adequately protect the interests of the class by being qualified, experienced, and generally able to conduct the proposed litigation. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996).

Buckland has appeared *pro se* and filed a statement declining to be the salaried retiree class representative, listing several reasons, including the hardship of travel to Chicago and his inability to pay for legal representation.

The adequacy requirement ensures that the interest of the absent class members are protected. *See Sec. of Labor v. Fitzimmons*, 805 F.2d 682, 697 (7th Cir. 1986). Based on the foregoing, Plaintiff has not shown Buckland to be an adequate representative of the salaried retiree class.

Yukna and Spinozzi have also declined to serve as hourly retiree class representatives, setting out various reasons, such as due process concerns that could affect the absent class members. In *Ameritech Benefit Plan Committee v. Communication Workers of America*, 220 F.3d 814, 820 (7th Cir. 2000) (*Ameritech Benefit Plan Comm.*), the Seventh Circuit explained that certification of a defendant class without notice to the putative class members would implicate defendants' due process rights and refused to certify a defendant class. The due process concerns are significant here, as Yukna and Spinozzi do not wish to represent the class and cannot be found to be adequate representatives of the hourly retiree class.

7

*The Requirements of Rule 23(b)(1)*

Plaintiff argues that the hourly retiree class should be certified under Rule 23(b)(1). That rule provides a class action may be maintained if:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . . .

Under Rule 23(b)(1), certification "should be confined to those cases where there are no, or few, individual questions." *Doe v. Guardian Life Ins. Co.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992). The parties dispute whether any individual differences exist between the members of the putative class; Yukna and Spinozzi contend that different oral and written representations concerning medical benefits were made by Plaintiff to individual hourly retirees. Plaintiff relies on the deposition testimony of its human resources director that the same information regarding medical benefits was given to each employee. However, the director admitted he was not present at each individual employee meeting. Therefore, he did not have personal knowledge of the pre-retirement representations by Plaintiff's representatives to the employees. Plaintiff has failed to demonstrate that no factual differences exist between the members of the putative class.

Plaintiff argues that certification is proper under Rule 23(b)(1) because different results could be reached as to whether Plaintiff can modify the medical benefits, particularly in light of

the pending Pennsylvania action.[2] However, Plaintiff must demonstrate potential rulings are inconsistent by placing "the party opposing the class in a position of being unable to comply with one judgment without violating the terms of another judgment." 5 *Moore's Federal Practice* § 23.41[3][a].

"[C]ourts reason that inconsistent standards for future conduct are not created because a defendant might be found liable to some plaintiffs and not others." *In re Dennis Greenman Secs. Litig.*, 829 F.2d 1539, 1544 (11th Cir. 1987). As such, there is no potential for inconsistent adjudications under Rule 23(b)(1)(A) if Plaintiff is required to issue medical benefits to some putative class members but not others because of factual differences between the retired employees. Accordingly, certification under Rule 23(b)(1)(A) is inappropriate.

Plaintiff next argues that certification is proper under Rule 23(b)(1)(B) because adjudicating Plaintiff's declaratory claim will be dispositive of claims relating to the putative members of the putative classes. However, the application of the doctrine of *stare decisis* is the only possible effect of a ruling in favor of Plaintiff; however, *stare decisis* alone is not a reason to grant certification under Rule 23(b)(1)(B). *See Bazemore v. Friday*, 478 U.S. 385, 405-07 (1986); *Goldman v. First Nat'l Bank of Chicago*, 56 F.R.D. 587, 591 (N.D. Ill. 1972), *rev'd on other grounds*, 532 F.2d 10 (7th Cir. 1976).

Because class members are not provided notice or an opportunity to opt out of a class certified under Rule 23(b)(1)(B), the rule is interpreted narrowly. *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 584 (N.D. Ill. 2005) (citing *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 833

---

[2] The court in the Pennsylvania action has granted Defendant's (Plaintiff here) motion to transfer those cases to this Court. Plaintiffs (Defendants here) have filed a motion to stay that order and seek certification for an interlocutory appeal.

n.13, 842 (1999) (*Ortiz*)). In class actions certified under Rule 23(b)(1)(B), "the shared character of the rights claimed or relief awarded entails that any adjudication disposes of, or substantially affects, the interest of absent class members." *Ortiz*, 527 U.S. at 833-34. Typically, class actions certified under Rule 23(b)(1)(B) include suits to reorganize fraternal benefit societies, actions by shareholders to declare a dividend, actions charging a breach of trust by a fiduciary which similarly affects a large class of beneficiaries such that an accounting is necessary, and limited fund class actions seeking to aggregate claims against a fund which is insufficient to satisfy the claims of all the class members. *Ortiz*, 527 U.S. at 834.

Here, resolving the claims as to Yukna and Spinozzi will not be dispositive of the interests of the remaining class members. As discussed above, factual differences exist between the putative class members. Therefore, while resolving the claims against Yukna and Spinozzi may have a limited precedential *stare decisis* effect, resolution of these individual claims will neither be dispositive of the interests of the other members not parties to the adjudication nor substantially impair or impede their ability to protect their interests.

Although it dealt with Rule 23(b)(2), the Seventh Circuit's recent opinion in *In re Allstate Ins. Co.*, 400 F.3d 505 (7th Cir. 2005) is also instructive. There, the court stated:

> There can be critical differences among class members that are independent of differences in the amount of damages. In this case, the critical difference concerns **the circumstances that induced the members to quit their employment with Allstate**. . . . This variance in circumstances doubtless pervades the entire class.

*In re Allstate*, 400 F.3d at 507-08 (emphasis added). The court concluded that when seeking declaratory relief "the effect of the declaration on the individual class will vary with their particular circumstances, they should be given notice of the class action so that they can decide

10

whether they would be better off proceeding individually." As discussed above, Plaintiff has not shown the absence of critical differences regarding the pre-retirement circumstances of members of the putative class which may have induced retirement.

The controlling facts of *In re Allstate* are similar, and the rationale is applicable to this case. Plaintiff's declaratory action is not the proper basis for class certification pursuant to Rule 23(b)(1). **"[W]hen, though the suit is for declaratory relief, the effect of the declaration on individual class members will vary with their particular circumstances, they should be given notice of the class action so that they can decide whether they would be better off proceeding individually."** *In re Allstate Ins. Co.*, 400 F.3d at 505 (emphasis added).

Further, the failure to provide notice and the opportunity to opt out could prevent putative class members from asserting their individual factual differences. Plaintiff has failed to cite any authority for certification of a defense class under Rule 23(b)(1). Plaintiff's cases concern Rule 23(b)(3), where potential defendant class members would be provided with notice and an opportunity to opt out of the class. *Sebo v. Rubenstein*, 188 F.R.D. 310, 318 (N.D. Ill. 1999); *Abt v. Mazda Am. Credit*, No. 98 C 2931, 1999 WL 350738, at *4 (N.D. Ill. May 19, 1999); *Williams v. State Bd. of Elections*, 696 F. Supp. 1574, 1576-77 (N.D. Ill. 1988); *Hammond v. Hendrickson*, No. 85 C 9829, 1986 WL 8437, at * 10-12 (N.D. Ill. July 30, 1986).

Based on the above, Plaintiff has not demonstrated that it is proper to certify the hourly retiree class under Rule 23(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Certify Retiree Classes is denied.

Dated: 5-11-05

JOHN W. DARRAH
United States District Judge