

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOWE BELL + HOWELL COMPANY, | |
| Plaintiff, | |
| v. | Case No. 03 C 8010 |
| IMMCO EMPLOYEES' ASSOCIATION, et al; | *consolidated with* |
| Defendants. | Case No. 06 C 2856 |
| JAMES YUKNA and ALBERT SPINOZZI, | Judge John W. Darrah |
| Counter-plaintiffs, | |
| v. | |
| BOWE BELL + HOWELL COMPANY, | |
| Counter-defendant. | |
| JOHN AMENDT, et al; | |
| Plaintiffs, | |
| v. | |
| BOWE BELL + HOWELL COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bowe Bell + Howell Company ("Bowe Bell + Howell"), filed suit against Defendants, seeking a declaration regarding the company's right to unilaterally amend and terminate certain retiree medical benefits ("IMMCO Action"). Defendants, James Yukna and Albert Spinozzi, counterclaimed against Bowe Bell + Howell, alleging deprivation of pension benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of

1974 ("ERISA"). Defendants seek recovery under ERISA as well as under the theories of intentional and/or negligent misrepresentation and promissory estoppel.[1]

Thereafter, the same attorneys representing Yukna and Spinozzi filed suit against Bowe Bell + Howell on behalf of approximately 136 other retirees ("Amendt Action"), asserting the same claims that were pled as counterclaims in the IMMCO Action.[2] The two cases were subsequently consolidated. Presently before the Court are Bowe Bell + Howell's 12(c) Motion for Judgment on the Pleadings in the IMMCO Action and 12(b)(6) Motion to Dismiss in the Amendt Action.

## BACKGROUND

A reading of the Second Amended Complaint and Amended Counterclaims of James Yukna and Albert Spinozzi supports the following summary of the alleged operative conduct of the parties.

Bowe Bell + Howell is a Delaware corporation with offices throughout the United States, including Allentown, Pennsylvania ("Allentown Facility"). All Retirees worked as hourly employees at the Allentown Facility and were members of the IMMCO Employees Association ("IMMCO"), a labor organization that, until November 2001, represented the hourly workers for purposes of collective bargaining with Bowe Bell + Howell. Bowe Bell + Howell is the plan sponsor and plan administrator of the Bowe Bell + Howell Phillipsburg Company Hourly-Rated Employees' Pension Plan ("Pension Plan"), an ERISA-qualified pension plan. The Pension Plan originally became effective on July 1, 1960, but was amended several times thereafter.

---

[1] Defendants plead their intentional and/or negligent misrepresentation and promissory estoppel claims alternatively as state law and federal common-law claims.
[2] As used herein, "Retirees" refers collectively to the Plaintiffs in the Amendt Action and Defendants Yukna and Spinozzi in the IMMCO Action.

On July 1, 1976, the Pension Plan was amended by a Supplemental Pension Agreement and amendments thereto ("Supplemental Pension Plan") that added lifetime medical coverage to the pension benefits provided under the Pension Plan. On June 1, 1981, Section IV-5 of the Supplemental Pension Plan was amended to provide for a lifetime prescription-drug plan for its retirees. Section IV was further amended on June 1, 1983, to provide for certain paid dental benefits until age 65.

Bowe Bell + Howell had a Pension Committee made up of members of management and members of IMMCO that met individually with each potential retiree and informed them orally and in writing of the benefits they would receive under the pension in retirement.[3] At no time did anyone at Bowe Bell + Howell tell any of the retirees that the lifetime benefits were subject to modification, reduction, elimination, or termination at will.

In Spring 2001, IMMCO representatives began meeting with Bowe Bell + Howell representatives to discuss the terms of a new collective-bargaining agreement, as the existing agreement was to expire on May 31, 2001. In June 2001, a new collective-bargaining agreement had still not been reached; and, as a result, all union laborers were not permitted to work with Bowe Bell + Howell. Soon after, Bowe Bell + Howell locked out the IMMCO workers and permanently replaced the workers with a staff of non-union laborers.

During the work stoppage, Bowe Bell + Howell sought to induce the IMMCO workers to take early retirement. The primary inducement was Bowe Bell + Howell's representations, made both orally and in writing, that if hourly employees chose early retirement, they would retire

---

[3] These benefits included both a monthly payment based on a "years-of-service" formula, as well as free lifetime medical benefits for the worker, his or her spouse and dependents. The lifetime health benefits were free of cost under the Blue Cross/Blue Shield Plan "100" until age 65 and then under the "65 Special" plan from age 65 onward. This plan included a $1 prescription-drug plan.

3

with the benefits described under the terms of the Pension Plan and Supplemental Plan, including lifetime medical benefits. This inducement was coupled with the threat that if the hourly employees did not retire before a new Supplemental Pension Plan was implemented unilaterally by Bowe Bell + Howell, the lifetime medical benefits would be lost.

All workers that took early retirement were required under the Pension Plan to give up a number of years of service as a penalty for purposes of calculating their monthly pension checks. Approximately 45 percent of the IMMCO workers who retired in the May 2001-November 2001 time period had no intention of retiring in 2001 but feared they would lose their free lifetime benefits if they did not. Those who retired in 2001 agreed to take the reduced monthly pension payments that went with early retirement, in exchange for securing their lifetime benefits.[4]

Until January 1, 2004, the Retirees were provided with the health-care coverage promised by Bowe Bell + Howell. However, in early 2004, Bowe Bell + Howell unilaterally reduced or eliminated the Retirees' health-care coverage, despite the fact that it was a vested pension benefit under the Pension Plan and Supplemental Pension Plan and despite the representations made by numerous Bowe Bell + Howell representatives that the Retirees would receive free lifetime health-care benefits during retirement.

Retirees who have not yet reached the age of 65 are now eligible to receive reduced benefits. They now must pay 100 percent of the cost of coverage for spouses and dependents, and the total amount Bowe Bell + Howell has to pay is capped. Also, there are now significant co-pays and family deductibles as well as increased costs for prescription drugs. As for retirees

---

[4] Yukna and Spinozzi are among those who retired in 2001; however, the group of over 136 plaintiffs is comprised of those who retired in 2001 and other individuals who retired at various other times and were also deprived of their lifetime medical benefits (collectively referred to as "Retirees").

4

and their spouses who will reach the age of 65, they are no longer eligible for any coverage under Bowe Bell + Howell's health plan.

## ANALYSIS

### *12(c) Motion for Judgment on the Pleadings in the IMMCO Action*

First, Bowe Bell + Howell argues that it is entitled to judgment on the pleadings with regard to counterclaims asserted by Yukna and Spinozzi for intentional and/or negligent misrepresentation (Counterclaim Count III) and promissory estoppel (Counterclaim Count IV).

A Motion for Judgment on the Pleadings pursuant to Rule 12(c) is subject to the same standard as a motion for summary judgment, except that the district court may only consider the contents of the pleadings. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) (*Alexander*). Accordingly, judgment on the pleadings may not be granted unless no genuine issues of material fact remain to be resolved and unless the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists for trial when, in viewing the pleadings and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

If asserted as federal common-law claims, Bowe Bell + Howell argues that judgment on the pleadings should be granted regarding Counterclaims III and IV because the Retirees have pled a claim under ERISA Section 502(a)(1)(B), seeking identical relief. If asserted as state law claims, Bowe Bell + Howell argues that judgment on the pleadings should be granted regarding Counterclaims III and IV because such counterclaims are preempted by ERISA.

*Misrepresentation*

As to Yukna and Spinozzi's counterclaim for misrepresentation, the Northern District of Illinois has not recognized misrepresentation under federal common law created by ERISA. *See Sophie v. Lincoln National Life Insurance Co.*, No. 95 C 2274, 1996 WL 341382, at *3 (N.D. Ill. June 18, 1996). Further, Yukna and Spinozzi fail to cite any case law that provides for federal common-law misrepresentation in any context.[5] Accordingly, Counter-Plaintiffs' federal common-law misrepresentation claim cannot be asserted.

Yukna and Spinozzi alternatively pled misrepresentation as a state law claim. Bowe Bell + Howell argues that Counter-Plaintiffs' misrepresentation claim is preempted by ERISA. ERISA's preemption clause provides that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempted under section 1003(b) of this title." 29 U.S.C. §1144(a). The United States Supreme Court has repeatedly held that ERISA's preemption clause has a "board scope," an "expansive sweep," and is "conspicuous for its breath." *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997). Accordingly, if a state law relates to an employee benefit plan it is preempted by ERISA. *Brentwood Nursing & Rehabilitation Center, Inc. v. Janes*, No. 88 C 9649, 1989 WL 99557, at *3 (N.D. Ill. Aug. 18 1989) *(Janes)*. Here, the alleged misrepresentation relates directly to the employee benefit plan. The relationship between the Counter-Plaintiffs and Bowe Bell + Howell arose from the ERISA plan, and it was the terms of the plan that led to the change in Counter-Plaintiffs' benefits. Further, Counter-Plaintiffs brought this action to recover benefits

---

[5]Yukna and Spinozzi concede that misrepresentation usually proceeds under a state law/non-preemption analysis, not a federal common-law analysis.

under the plan. *See DeBartolo v. Wal-Mart Stores, Inc.*, No. 01 C 5940, 2002 WL 338878, at *2 (N.D. Ill. March 4, 2002) (*DeBartolo*) (when brought to recover benefits under a welfare plan, state law claims for estoppel and misrepresentation are preempted by ERISA because such claims fall within ERISA's broad preemptive scope). Therefore, no reasonable jury could return a verdict in favor of the non-movant; and the movant is entitled to judgment as a matter of law.

Accordingly, Counter-Defendant's Motion for Judgment on the Pleadings is granted as to Counterclaim III.

*Estoppel*

As to Counterclaim IV for estoppel, Bowe Bell + Howell argues that judgment on the pleadings should be granted because Counter-Plaintiffs plead a claim under ERISA section 502(a)(1)(B), seeking identical relief. Specifically, Bowe Bell + Howell argues that according to *Varity Corp. v. Howe*, 516 U.S. 489 (1996), a plaintiff may not seek duplicative relief under 502(a)(1)(b) and 502(a)(3) of ERISA. However, Counter-Plaintiffs do not assert their claim for estoppel under 502(a)(3) but as a federal common-law claim. The Seventh Circuit recognizes estoppel as part of the "common law courts have created in order to plug gaps in ERISA." *Miller v. Taylor Insulation Co.*, 39 F.3d 755, 758 (7th Cir. 1994) (*Miller*); *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 650 (7th Cir. 1993). Accordingly, Counter-Plaintiffs may seek recovery under ERISA and the common law.

To prevail on an estoppel claim under ERISA, plaintiff must demonstrate: "(1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to [his] detriment." *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). Here, Yukna and Spinozzi allege that Bowe Bell + Howell made intentional misrepresentations, both orally and in writing, that if they agreed to take early

retirement, they and their spouses would be entitled to lifetime health benefits. Yukna and Spinozzi further allege that they relied on these misrepresentations to their detriment.

Bowe Bell + Howell fails to rebut these assertions and merely attacks the legal premise on which Counter-Plaintiffs' claims are based. Therefore, a genuine issue of material fact exists, as a reasonable jury could find that the non-movant satisfies the elements for common-law estoppel under ERISA.[6]

Accordingly, Counter-Defendant's Motion for Judgment on the Pleadings is denied as to Counterclaim IV.

## *12(b)(6) Motion To Dismiss in the Amendt Action*

Next, Bowe Bell + Howell argues that the Retirees' claims for intentional and/or negligent misrepresentation (Count III) and promissory estoppel (Count IV) should be dismissed for failure to state a claim on which relief can be granted.

In reviewing a motion to dismiss, the court considers all facts in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that

---

[6] If asserted under state law, Counter-Plaintiffs' estoppel claim is preempted because it was brought to recover benefits under an employee benefit plan, which falls within ERISA's broad preemptive scope. *DeBartolo*, 2002 WL 338878, at *2.

would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995) (*Graehling*). A filing under the Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

If asserted as federal common-law claims, Bowe Bell + Howell argues that Counts III and IV should be dismissed because the Retirees have pled a claim under ERISA section 502(a)(1)(B), seeking identical relief. If asserted as state law claims, Bowe Bell + Howell argues that Counts III and IV should be dismissed because such claims are preempted by ERISA.

*Misrepresentation*

As previously stated, the Northern District of Illinois has not recognized a federal common-law claim for misrepresentation in the ERISA context. Accordingly, the Retirees' federal common-law misrepresentation claim cannot be asserted.

As in the IMMCO Action, the Retirees pled misrepresentation alternatively as a state law claim and seek to recover benefits under the employee benefits plan. Bowe Bell + Howell argues that the Retirees' misrepresentation claim is preempted by ERISA and should be dismissed. If a state law relates to an employee benefit plan, it is preempted by ERISA. *Janes*, 1989 WL 99557, at *3. Here, just as in the IMMCO Action, the relationship between the Retirees and Bowe Bell + Howell arose from the ERISA plan; and it was the terms of the plan that led to the change in the Retirees' benefits. Further, the Retirees brought this action to recover benefits under the plan. Accordingly, it is not possible to "hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling*, 58 F.3d at 297. The Retirees' allegation of misrepresentation relates directly to the employee benefit plan and seeks to recover its benefits.

9

Therefore, Bowe Bell + Howell's Motion to Dismiss is granted as to Count III.

*Estoppel*

Next, Bowe Bell + Howell argues that the Retirees' federal common-law claim for estoppel should be dismissed because they pled a claim under ERISA section 502(a)(1)(B), seeking identical relief. Specifically, Bowe Bell + Howell argues that a plaintiff may not seek duplicative relief under 502(a)(1)(B) and 502(a)(3) of ERISA. However, the Retirees assert their claim for estoppel under federal common law and not under 503(a)(3).[7] The Seventh Circuit recognizes estoppel as part of the "common law courts have created in order to plug gaps in ERISA." *Miller*, 39 F.3d at 758. Accordingly, the Retirees may seek recovery under ERISA and the federal common law.[8]

Therefore, Bowe Bell + Howell's Motion to Dismiss is denied as to Count III.

### *Compensatory, Consequential, and Punitive Damages*

Finally, Bowe Bell + Howell argues that the Retirees' request for compensatory and consequential damages ("extracontractual damages") asserted as "restitution of all costs incurred by Plaintiffs" (Counts I and III) and as "lost salary and pension" (Count II) are improper requests for relief under ERISA. Bowe Bell + Howell further argues that the Retirees' claim for punitive damages (Count III) is also inappropriate under ERISA.

---

[7] Even if the estoppel claim was brought under 502(a)(3), the Seventh Circuit has clearly indicated that while a plaintiff may not recover duplicative relief under both statutes, he may plead claims under both statutes. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 591-92 (7th Cir. 2000).

[8] If asserted under state law, the Retirees' estoppel claim is preempted by ERISA because it was brought to recover benefits under an employee benefit plan. Accordingly, the Retirees can prove no set of facts in support of their claim which would entitle them to relief." *Conley*, 355 U.S. at 45-46.

As the Retirees' misrepresentation claim (Count III) has been dismissed, all that remains for consideration is whether compensatory and consequential damages are appropriate under Counts I and II. ERISA § 502(a)(3)(B) permits a participant beneficiary or fiduciary to "obtain other appropriate equitable relief." However, extracontractual damages cannot be sought under section 502(a)(3) of ERISA because extracontractual damages are the classic form of legal, not equitable, relief. *Harsch v. Eisenberg*, 956 F.2d 651, 656 (7th Cir. 1992) (*Harsch*). Therefore, the Retirees' claim for compensatory and consequential damages under Count II is dismissed. As to Count I, ERISA § 502(a)(1)(B) says nothing about the recovery of extracontractual damages. The Seventh Circuit has held that "in light of ERISA's carefully crafted remedial scheme, the complete absence in section 502(a) of any mention of extracontractual damages demonstrates Congress's deliberate intent not to afford such a remedy." *Harsch* at 655. Therefore, the Retirees may not assert a claim for extracontractual damages under Count II.

Accordingly, the Retirees' claims for compensatory and consequential damages under Counts I and II are dismissed.[9]

## CONCLUSION

For the foregoing reasons, judgment on the pleadings is granted in part and denied in part in the IMMCO Action. Judgment on the pleadings is granted in Bowe Bell + Howell's favor as to Yukna and Spinozzi's Counterclaim for misrepresentation (Counterclaim Count III) but denied as to their Counterclaim for estoppel (Counterclaim Count IV).

---

[9] As Yukna and Spinozzi seek identical relief under their ERISA counterclaims, Counterclaims I and II are dismissed to the extent they seek compensatory and consequential damages.

11

In the Amendt Action, Bowe Bell + Howell's Motion to Dismiss is granted in part and denied in part. The Retirees' misrepresentation claim is dismissed, as are their claims for compensatory and consequential damages under Counts I and II. Also, Yukna and Spinozzi's claims for compensatory and consequential damages under Counts I and II are dismissed.

Dated: March 1, 2007

JOHN W. DARRAH
United States District Court Judge